UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. JACKSON,

    Plaintiff,

v.                                                         Case No. 1:19-cv-943
                                                         Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff filed applications for SSI on July 10, 2017, and for DIB on July 13, 2017. PageID.54. In both applications, plaintiff alleged a disability onset date of September 30, 2013. *Id*. Plaintiff later amended the alleged onset date to April 20, 2016. *Id*. Plaintiff identified his disabling conditions as back problems, scolios[is], fodmaps sugar disorder, brain injury, asthma, low blood sugar, arthritis in the spine, and Schatzski ring. PageID.316. Prior to applying for DIB and SSI, plaintiff completed two years of college, had specialized job training in machine tool technology, and had past employment as a foundry worker, painter, machine operator, and home health aide. PageID.63-64, 318. The ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on March 29, 2019. PageID.54-66. This decision, which was later

1

approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.     LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.     ALJ's DECISION

Plaintiff's claim failed at the fifth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of April 20, 2016 and that he met the insured status of the Social Security Act through June 30, 2016. PageID.56. At the second step, the ALJ found that plaintiff had severe impairments of: spine disorder; bilateral carpal tunnel syndrome; substance addiction disorder; and personality disorder. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.57.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can frequently climb ramps and stairs, ladders, ropes, or scaffolds, and frequently climb, stoop, kneel, crouch, and crawl. The claimant can frequently handle and finger bilaterally. He is limited to SVP 2 level work and can tolerate occasional interaction with the general public.

PageID.58. The ALJ also found that plaintiff could not perform any of his past relevant work. PageID.63.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the medium exertional level in the national economy. PageID.64-65. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled work in the national economy such as laundry laborer (55,000 jobs), order picker (63,000 jobs), and production helper (53,000 jobs). PageID.65. Accordingly, the ALJ determined that plaintiff has not been

under a disability, as defined in the Social Security Act, from April 20, 2016 (the amended alleged onset date) through March 29, 2019 (the date of the decision).  PageID.65-66.

### III.     DISCUSSION

Plaintiff's counsel set out one error.

**The Commissioner errored as a matter of law in failing to consider new evidence submitted at the Appeals Council level as material requiring a remand back to the ALJ for a new hearing in light of said evidence.**

Plaintiff seeks a remand of this matter for the Commissioner to consider new evidence, specifically the results of diagnostic tests performed after his administrative hearing but before the ALJ entered the decision denying benefits.  When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g).  *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988).  Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g).

In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id*.  "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

5

In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.  Plaintiff has met his burden.  The medical record at issue is an MRI (cervical spine without contrast) performed on February 22, 2019.  *See* Plaintiff's Brief (ECF No. 9, PageID.844); Medical records (PageID.45).[1]  It appears that plaintiff's primary care physician ordered the MRI after an examination on February 11, 2019.  PageID.35-38.  While plaintiff also refers to a CT scan from March 29, 2016 (PageID.435) and an x-ray from December 8, 2017 (PageID.696-697), these records were available prior to the administrative hearing.  *See* Plaintiff's Brief at PageID.844.

Plaintiff states that the February 22, 2019 MRI is the first MRI to address his condition and that the findings are "significant":

> Its findings include moderate to advanced left facet arthrosis at the C3-C4 level, C5-6 right eccentric disc disease with paracentral/foraminal disc osteophyte and uncovertebral hypertrophy producing a severe right foraminal stenosis with probable impingement of the exiting C6 nerve root, and C6-7 spondylosis with uncovertebral overgrowth, left greater than right, where there is moderate to severe left and moderate right neural foraminal stenosis[.]

Plaintiff's Brief at PageID.845.  Plaintiff contends that this MRI is material because it provides evidence which support his complaints.  Specifically, plaintiff testified: that the main reason he cannot work is pain, specifically neck and upper back pain (PageID.94); that the "main problem" is his neck (PageID.79); and, that if he stands for more than 15 or 20 minutes, he has to sit due to pain in his lower back, ankles, and neck (PageID.78-79).  Plaintiff also testified that his lifting tolerance is "[p]robably not more than 15 or 20 pounds."  PageID.77.

---

[1] The Court notes that plaintiff's counsel has cited some portions using the page numbering of the administrative record rather than the "PageID." numbers as required by the Court.  Counsel is reminded to review the Court's rules and administrative orders with respect to citing the record in Social Security Appeals.

No medical expert has offered an opinion as to how the results on the MRI could affect plaintiff's functional limitations. Here, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform medium work, which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c) and 20 C.F.R. § 416.967(c). This determination was based upon the opinion of non-examining DDS physician Twaide Langham, D.O. on October 6, 2017. PageID.62, 169-171. This determination did not include later obtained evidence, such as the December 2017 cervical x-ray or the February 2019 MRI. Plaintiff's Brief at PageID.844-845. At a consultative examination performed by Laureen McGuire, M.D. on September 16, 2017, plaintiff reported that he could lift 10 to 15 pounds. PageID.610. Dr. McGuire did not test plaintiff's ability to lift at that time. PageID.609-613. Plaintiff contends that the MRI supports his claim that he can perform only light work, *i.e.*, "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *See* 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b). There is no evidence as to the types or numbers of jobs available to plaintiff at the light exertional level.[2]

Based on this record, the Court concludes that the MRI presented evidence relevant to plaintiff's alleged limitations. In reaching this determination, the Court notes that the ALJ found that plaintiff could perform medium work based upon the report of the non-examining DDS physician provided in 2017. Neither the examining nor the non-examining physicians had the opportunity to review the 2019 MRI results. Accordingly, plaintiff has established that the 2019 MRI is material with respect to his alleged neck pain and limitations.

---

[2]In addition, plaintiff contends, without citation to authority, that if his RFC was reduced from medium work to light work, then he would have been found disabled under the Social Security GRIDS "given his advanced age and past relevant work." Plaintiff's Brief at PageID.845. The medical-vocational guidelines or grids 'take account only of a claimant's 'exertional' impairment, that is 'an impairment which manifests itself by limitations in meeting the strength requirements of jobs[.]' 20 C.F.R., Part 404, Subpt. P, App. 2 § 200.00(e)." *Abbott*, 905 F.2d at 926.

Next, plaintiff must demonstrate good cause for failing to present this evidence at his administrative hearing.  "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."  *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).   Plaintiff's administrative hearing was held on February 1, 2019.  PageID.72-013.  Because plaintiff did not have the MRI until February 22, 2019, the MRI results were not available to present for his administrative hearing.  The record reflects that the MRI was performed after the hearing, but before the ALJ issued his decision on March 29, 2019.

In his brief, plaintiff's counsel states that he was unable to obtain a copy of the MRI results prior to the issuance of the ALJ's decision, stating:

> There is good cause for the evidence having not previously submitted, as the MRI was not performed until after the Administrative Law Judge hearing. It was performed before the Administrative Law Judge issued the unfavorable decision, *but Plaintiff was unable to get said diagnostic study prior to the March 29, 2019 ALJ decision*. As stated, it was submitted to the Appeals Council as soon as possible but rejected for the reasons set forth above.

*Id*. at PageID.846-846 (emphasis added).  Typically, the Court requires a more detailed discussion of the plaintiff's efforts taken to obtain the "new" evidence.  However, given the relatively short time span between the administrative hearing, the primary care physicians appointment, the MRI, and the entry of the ALJ's decision, the Court will take counsel's statement at face value.  *See* Fed. R. Civ. P. 11.[3]  This determination is consistent with the informal, inquisitorial, and non-

---

[3] Fed. R. Civ. P. 11(b) provides in pertinent part, "By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

adversarial structure of Social Security proceedings. *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial"). For these reasons, plaintiff's request for a sentence-six remand will be granted.

### IV. CONCLUSION

Accordingly, this matter will be **REMANDED** to the Commissioner pursuant to sentence-six of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate plaintiff's claim in light of the February 22, 2019 MRI results. An order consistent with this opinion will be issued forthwith.

Dated:  January 21, 2020        /s/ Ray Kent
                                RAY KENT
                                United States Magistrate Judge

---

argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"